JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| | |
|---|---|
| **I. (a)  PLAINTIFFS**  BRIAN KELLY | **DEFENDANTS** CITY OF PHILADELPHIA, PHILADELPHIA POLICE DEPARTEMENT, DANIELLE OUTLAW AND JOHN DOES |
| **(b)**  County of Residence of First Listed Plaintiff  DELAWARE<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  PHILADELPHIA<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*<br>Justin M. Bernstein, Esquire, 314029, 334 W. Front Street, Media, PA 19063 610-892-9200 | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [X] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983, 28 USC 1331, AND 1343

Brief description of cause:
Violation of Civil Rights

## VII.  REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  [X] Yes  [ ] No

## VIII.  RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE  March 11, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 6488 Woodland Avenue, Philadelphia, PA

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                                    Yes [X]

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes [X]

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes [X]

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same    Yes [X]
   individual?

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes [X]
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case [ ] **is** / [X] **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. ***Federal Question Cases:***

[ ]  1. Indemnity Contract, Marine Contract, and All Other Contracts)
[ ]  2. FELA
[ ]  3. Jones Act-Personal Injury
[ ]  4. Antitrust
[ ]  5. Wage and Hour Class Action/Collective Action
[ ]  6. Patent
[ ]  7. Copyright/Trademark
[ ]  8. Employment
[ ]  9. Labor-Management Relations
[X] 10. Civil Rights
[ ] 11. Habeas Corpus
[ ] 12. Securities Cases
[ ] 13. Social Security Review Cases
[ ] 14. Qui Tam Cases
[ ] 15. Cases Seeking Systemic Relief **\*see certification below\***
[ ] 16. All Other Federal Question Cases. *(Please specify)*:_____

B. ***Diversity Jurisdiction Cases:***

[ ]  1. Insurance Contract and Other Contracts
[ ]  2. Airplane Personal Injury
[ ]  3. Assault, Defamation
[ ]  4. Marine Personal Injury
[ ]  5. Motor Vehicle Personal Injury
[ ]  6. Other Personal Injury *(Please specify)*:_____
[ ]  7. Products Liability
[ ]  8. All Other Diversity Cases: *(Please specify)*_____
      _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case [ ] **does** / [X] **does not** have implications beyond the parties before the court and [ ] **does** / [X] **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X]    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ]    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KELLY<br>89 Hoffman Road<br>Ridley Park, PA 19078<br>       Plaintiff,<br>v.<br><br>CITY OF PHILADELPHIA<br>1234 Market Street, 14th Floor<br>Philadelphia, PA 19102<br>AND<br>PHILADELPHIA POLICE DEPARTMENT<br>1234 Market Street, 14th Floor<br>Philadelphia, PA 19102<br>AND<br>DANIELLE OUTLAW<br>City of Philadelphia Police Department Chief<br>of Police (In Her Official Capacity)<br>150 Greenwich Street<br>New York, NY 10007<br>AND<br>JOHN DOES 1-10<br>Fictitious Names as are Currently Unknown<br>and Represent City of Philadelphia Police<br>Department Officers<br>1234 Market Street, 14th Floor<br>Philadelphia, PA 19102<br>       Defendants. | CIVIL ACTION<br><br>NO.: |

## COMPLAINT

## INTRODUCTION

This case seeks damages and justice for permanent injuries, including permanent brain injury, suffered by Plaintiff, Brian Kelly, while in custody of the Philadelphia Police Department and its Police Officers at the 12th Police District, as the result of the deprivation of basic medical care and deliberate indifference to his vulnerability to injury and illness, resulting in permanent stroke related injuries.

## PARTIES

1.    Plaintiff, Brian Kelly, is an adult individual and resident of the Commonwealth of Pennsylvania residing therein at 89 Hoffman Road, Ridley Park, PA 19078.

2.      Defendant, City of Philadelphia is a City of the First Class organized and existing as a municipal government entity pursuant to the laws of the Commonwealth of Pennsylvania with an address for service of process located at 1234 Market Street, 14th Floor, Philadelphia, PA 19102 and which acted under the color of state law through its administrators, officers, employees, servants, agents, authorized representatives, and/or ostensible agents.. .

3.      Defendant, Philadelphia Police Department, is a department of the City of Philadelphia with an address for service of process located at 1234 Market Street, 14th Floor, Philadelphia, PA 19102 and which acted under the color of state law through its administrators, officers, employees, servants, agents, authorized representatives, and/or ostensible agents..

4.      Defendant, Danielle Outlaw, is an adult individual and was Police Commissioner of the City of Philadelphia on or about March 13, 2023, serving in that capacity from December 30, 2019 to September 5, 2023, and currently working for the Port Authority of New York and New Jersey, with offices at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007 and with an address for service of process located at 1234 Market Street, 14th Floor, Philadelphia, PA 19102.

5.      Defendants, John Does 1-10 are fictitious names as they are unknown individuals and represent City of Philadelphia Police Officers acting within the course and scope of their employment by the City of Philadelphia on March 13, 2023, during the time Plaintiff was in the custody of the Philadelphia Police Department.

6.      At all relevant times, all Defendants, acted by themselves and by and through their agents, servants and employees, including actual, apparent and/or ostensible agents.

## JURISDICTION

7.      Jurisdiction over this controversy exists pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is further evoked pursuant to. 28 U.S.C. §1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

8.      Jurisdiction lies over state law claims based upon the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

9.      The amount in controversy exclusive of interest and cost far exceeds the sum of One Hundred Thousand Dollars ($100,000).

## VENUE

10.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania because a substantial part of the events and omissions by Defendants giving rise to Plaintiff's claim occurred in the jurisdiction of this Court, more specifically, in Philadelphia, Pennsylvania.  Venue therefore exists pursuant to 28 U.S.C. § 1391(b) and (c).

## OPERATIVE FACTS

11.     Plaintiff incorporates by reference all paragraphs of this Complaint set forth above as though set forth fully herein.

12.     At all times relevant, Defendants were charged with maintaining and enforcing City of Philadelphia Police Department policies, practices and procedures.

13.     On March 13, 2023, Plaintiff was lawfully operating his motor vehicle at or near 8400 Mario Lanza Boulevard in Philadelphia, PA, when he was involved in a motor vehicle crash with another vehicle.

14.     Unknown Philadelphia Police Officers and ambulance personnel responded to the scene.

15.     As a result of the motor vehicle crash, Plaintiff required medical treatment for confusion, memory loss, and physical injury and trauma.

16.     At the scene, Philadelphia Police Officers forcibly removed Plaintiff from the ambulance where he was being medically evaluated and treated.

17.     The Police Officers then transported Plaintiff to the 12th Police District.

18.     At the 12th Police District, the Plaintiff's medical condition significantly declined.

19.     As a result, Plaintiff was taken to Hospital of the University of Pennsylvania Cedar Avenue hospital facility located at 501 South 54th Street, Philadelphia, PA 19143 where he was evaluated prior to being transported back to a cell at the 12th Police District.

20.     Upon leaving the hospital, Plaintiff was physically unable to sign his own name due to his declining medical condition.

21.     Defendants were or should have been trained to recognize signs of physical illness and decline such as those being exhibited by Plaintiff while in Defendants' custody, and Defendants should have provided visual observation of Plaintiff and medical evaluation of his condition as is dictated by City of Philadelphia policy:

22.     Defendants were or should have been trained to monitor those believed to be under the influence of drugs or alcohol, and Defendants should have provided visual observation of Plaintiff and medical evaluation of his condition as is dictated by City of Philadelphia policy:

> 3. Cell Block Attendants and/or trainees will inspect the cellblocks at, a minimum of, fifteen (15) minute intervals or as scheduled by the ORS, but no later than every thirty (30) minutes.

> 4. When a detainee is violent, self-destructive or under the influence of drugs or alcohol, they will be placed in the designated special observation cell and observed at intervals not to exceed ten (10) minutes. (PLEAC 3.1.13) The detaining unit's supervisor will ensure that the duties of the Cell Block Attendant are limited to the cell block area when a special observation cell is in use.

23.     Thereafter, despite Plaintiff's declining medical condition, Defendants failed and refused to monitor Plaintiff's condition for an unreasonable amount of time and instead left Plaintiff in a cell without basic medical care.

24.     During the time Plaintiff was in Defendants' cell he lost consciousness and fell to the floor.

25.     However, despite knowledge that Plaintiff was unconscious on the floor of his cell, Defendants failed and refused to seek timely medical care or evaluation.

26.     During the time that Plaintiff had fell to the floor Plaintiff defecated and urinated upon himself.  However, despite Defendants' knowledge of this condition Defendants failed and refused to seek timely medical care or evaluation.

27.     As a result of the Defendants' actions, and inactions Plaintiff, was caused to sustain serious and permanent physical injuries, including but not limited to stroke related brain injury, pain and

suffering, fear and fright, humiliation and embarrassment, wage loss and future lost earning capacity, medical expenses.

### COUNT I
### PLAINTIFF V. CITY OF PHILADELPHIA, PHILADELPHIA POLICE DEPARTMENT AND DANIELLE OUTLAW IN HER OFFICIAL CAPACITY

### 42 U.S.C. §1983 – FAILURE TO TRAIN

28.    Plaintiff incorporates by reference all paragraphs of this Complaint set forth above as though set forth fully herein.

29.    At all times material, Defendants had a duty to maintain policies and practices related to the protection and care of individuals in their custody, including protecting individuals in police custody from dangerous or declining medical conditions, consistent with police policies, Pennsylvania Law, the US Constitution and common sense.

30.    However, Defendants had a policy, custom or practice of ignoring the appropriate standards of caring and protecting individuals in custody and/or failed to train their officers appropriately.

31.    As such, Defendants and their agents were deliberately indifferent, outrageous, reckless, wanton and willful with respect to potential violations of constitutional rights.

32.    The actions and inactions so that the defendants and its police chief for the cause of the permanent physical injuries to plaintiff while in police custody.

33.    The policies, practices and or customs of the Defendants officers and or agents to believe they could violate the constitutional rights of plaintiff with impunity and with the tacit approval of the Defendants and the chief of police, as such defendants policies, customs and or practices or a direct and proximate cause of the injuries suffered by the Plaintiff.

34.

   **WHEREFORE**, Plaintiff, demands judgment against the Defendants jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, and in excess of the arbitration limits of this Court, and for all available damages, including punitive damages,

together with interest, costs, delay damages and attorneys fees pursuant to 42 U.S.C. §1988, and other just and equitable relief as this Honorable Court deems proper.

**COUNT II**
**PLAINTIFF V. ALL DEFENDANTS**

**42 U.S.C. §1983 – STATE CREATED DANGER**

35.    Plaintiff incorporates by reference all paragraphs of this Complaint set forth above as though set forth fully herein.

36.    Defendants acted under the color of state law to create a danger that would not have been present absent such conduct.

37.    The 14th amendment to the United states constitution guarantees plaintiffs the substantive due process right to be free from state created dangers.

38.    The felines violated this right by taking affirmative steps which placed plaintiff at immediate and foreseeable risk of danger and harm.

39.    Physical, emotional, developmental, financial, psychological, and or psychiatric harm that plaintiff suffered while in custody of the defendants was foreseeable, and directly and proximately caused by the unconstitutional acts of the defendants.

40.    Defendants recklessly, outrageously, intentionally, arbitrarily and capriciously deprived plaintiff of his due process rights in the absence of any countervailing state interest.

41.    Plaintiffs substantive due process rights to be free from state created dangers but clearly established constitutional rights at the time of defendants acts and omissions that reasonable individual or entity would have known that their acts or omissions would violate these clearly established constitutional rights.

        **WHEREFORE**, Plaintiff, demands judgment against the Defendants jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, and in excess of the arbitration limits of this Court, and for all available damages, including punitive damages,

together with interest, costs, delay damages and attorneys fees pursuant to 42 U.S.C. §1988, and

other just and equitable relief as this Honorable Court deems proper.

## COUNT III
## PLAINTIFF V. ALL DEFENDANTS

## 42 U.S.C. §1983 – (MONELL) UNCONSTITUTIONAL, POLICY, PRACTICE OR CUSTOM

42.     Plaintiff incorporates by reference all paragraphs of this Complaint set forth above as

though set forth fully herein.

43.     The defendants acted under the color of law, and under the authority of one or more

interrelated de facto policies, procedures, and or customs of the Philadelphia Police Department to

violate plaintiffs rights as set forth above.

44.     Defendants through its Police Department and police chief has interrelated unconstitutional

de facto policies, procedures, and customs which include: defective existing policies designed to

provide for minimum protection of people in the position of plaintiff while in custody of the

defendants, especially when they exhibit signs of medical decline or illness.

45.     Defend failed to modify the structure of the holding cells in order to eliminate hazards

preventing monitoring of those in police custody cells.

46.     Promulgated, encouraged, and enforced de facto policies, procedures, and customs that

encourage police officers to disregard the physical health needs of those in custody cells.

47.     Defendants failed to hold officers and supervisors accountable to promulgate and enforce

appropriate training supervision and accountability standards to ensure the rights of people, like

plaintiff, who were in the midst of medical crisis.

48.     Defendants were aware of the risk of harm faced by people in custody with declining

medical conditions, yet defendants failed to enact and enforce changes to Police Department

policies sufficient to protect the rights of people in police custody who are suffering from medical

illness and decline. Thus, defendants have demonstrated a pattern of deliberate indifference to this

harm.

49.    As a result of the defendants constitutionally infirm policies, customs, supervision and practices described above, plaintiff was deprived of his health, and was caused to sustain permanent brain injury, without due process of law, and in violation of his constitutional rights under the 4th and 14th amendments to the United States Constitution.

WHEREFORE, Plaintiff, demands judgment against the Defendants jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, and in excess of the arbitration limits of this Court, and for all available damages, including punitive damages, together with interest, costs, delay damages and attorneys fees pursuant to 42 U.S.C. §1988, and other just and equitable relief as this Honorable Court deems proper.

## COUNT IV
## PLAINTIFF V. ALL DEFENDANTS

## 42 U.S.C. §1983 – 4TH AMENDMENT FAILURE TO PROVIDE MEDICAL SERVICES TO PLAINTIFF WHILE HE WAS DETAINED

50.    Plaintiff incorporates by reference all paragraphs of this Complaint set forth above as though set forth fully herein.

51.    On the day of plaintiff's injuries, defendants were put on notice that plaintiff was suffering from a medical health illness and crisis and had a serious medical need.

52.    At all relevant times defendants knew the plaintiff was physically unable to sign his own name due to his illness and declining medical condition.

53.    Defendant police officers were present when plaintiff was brought into custody and were responsible for ensuring he had appropriate medical valuation, and police supervision, while in custody.

54.    Despite their knowledge of plaintiffs declining medical condition, defendants acted unreasonably when they failed to take any action provide medical assistance to plaintiff despite plaintiffs having falling to the floor unconscious and despite his having defecated and urinated on himself in the process.

55.    The state failed to take any reasonable steps to provide plaintiff with necessary medical interventions that would have mitigated the risk of permanent injury.

56.    Defendants actions and inactions were objectively unreasonable and resulted in permanent brain injury to plaintiff.

**WHEREFORE**, Plaintiff, demands judgment against the Defendants jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, and in excess of the arbitration limits of this Court, and for all available damages, including punitive damages, together with interest, costs, delay damages and attorneys fees pursuant to 42 U.S.C. §1988, and other just and equitable relief as this Honorable Court deems proper.

**COUNT V**
**PLAINTIFF V. ALL DEFENDANTS**

**42 U.S.C. §1983 – 4TH AMENDMENT UNREASONABLE CONDITIONS OF CONFINEMENT**

57.    Plaintiff incorporates by reference all paragraphs of this Complaint set forth above as though set forth fully herein.

58.    At all relevant times, and during his time in Police custody, Defendants knew that plaintiff was in the midst of a medical crisis.

59.    Defendants were responsible for ensuring that plaintiff, while in custody, had appropriate medical evaluations and the interventions.

60.    Defendants acted unreasonably when permitting plaintiff to be held, for an extended period of time, in a cell without medical assistance despite his declining medical condition and despite his falling into unconsciousness.

61.    The actions and intentional inactions of defendants were unreasonable and resulted in permanent brain injury to plaintiff.

**WHEREFORE**, Plaintiff, demands judgment against the Defendants jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, and in excess of the arbitration limits of this Court, and for all available damages, including punitive damages,

together with interest, costs, delay damages and attorneys fees pursuant to 42 U.S.C. §1988, and

other just and equitable relief as this Honorable Court deems proper.

### **JURY DEMAND**

Plaintiff demands a trial by a jury of 12 persons on all claims and issues so triable.

Respectfully submitted,


KENNETH R. SCHUSTER & ASSOCIATES, P.C.


BY: */S/ Justin M. Bernstein*
      JUSTIN M. BERNSTEIN, ESQUIRE
      PA ID: 314029
      334 W. Front Street
      Media, PA 19063
      (610) 892-9200
      *Attorney for Plaintiff*

Date: March 11, 2025