```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN KELLY                   :      CIVIL ACTION
                              :
        v.                    :
                              :
CITY OF PHILADELPHIA, et al.  :      NO. 25-1307
```

MEMORANDUM

Bartle, J.                                      October 30, 2025

      Plaintiff Brian Kelly has sued the City of Philadelphia, the Philadelphia Police Department, Danielle Outlaw (the former Police Commissioner) in her official capacity and John Does 1-10 for various federal constitutional violations under 42 U.S.C. § 1983 as well as for certain infractions of the Pennsylvania Constitution and the Commonwealth's common law.

      Before the court is the motion of defendants to dismiss plaintiff's amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff has failed to state a claim upon which relief can be granted. Among other arguments, defendants maintain that the action is barred by claim preclusion.

I

      The court of course must accept as true for present purposes all well pleaded facts in the amended complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court may also consider "exhibits attached to the complaint and matters of

public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Wright & Miller's Federal Practice and Procedure § 1357 (2d ed. 1990)). When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation marks omitted)).

The complaint must plead more than "labels and conclusions." Twombly, 550 U.S. at 555. It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557) (internal quotations and alterations omitted). Instead, it must recite sufficient factual content to state a claim that is plausible on its face. Id.

II

The facts as alleged in the amended complaint and accepted as true for present purposes are as follows.

On March 13, 2023, plaintiff was driving his motor vehicle near 8400 Mario Lanza Boulevard in Philadelphia when it was involved in a crash with another vehicle. As a result,

-2-

plaintiff suffered confusion, memory loss and physical injury. When the Philadelphia police arrived on the scene, they forcibly removed him from the ambulance where he was being evaluated and treated.  The police transported him to the Police Department Headquarters at 400 N. Broad Street.  At that location, plaintiff's medical condition deteriorated, and he was taken to the Cedar Avenue facility of the Hospital of the University of Pennsylvania at South 54th Street in Philadelphia.  He was diagnosed with tachycardia, exceptionally high neutrophils and white blood cell count, and increased pulse rate.  That same evening, the police returned him to a cell at 400 N. Broad Street.  Upon discharge from the Cedar Avenue facility, he was physically unable to sign his own name.  The hospital provided the police with instructions that he should be monitored and returned to the hospital if he exhibited certain symptoms.

The next day, March 14, 2023, plaintiff had a preliminary arraignment by video in the Municipal Court of Philadelphia and was to be released on his own recognizance. Upon being returned to his cell, he lost consciousness.  The defendants failed and refused to seek medical care for plaintiff.  Finally, at 11:19 p.m., some 13 ½ hours after his arraignment, he was transferred to the emergency room of Thomas Jefferson University Hospital.  On March 15, plaintiff underwent

a surgical procedure, a suboccipital decompression craniectomy for a cerebellar stroke.

According to the amended complaint, plaintiff, because of the actions and inactions of the defendants, sustained serious and permanent injuries including but not limited to a stroke related brain injury.

III

The court turns first to defendants' argument that the action should be dismissed on the ground of claim preclusion. Defendants reference an action previously filed by the plaintiff in this court on February 19, 2025, captioned <u>Brian Kelly v. City of Philadelphia, City of Philadelphia Police Department, Police Officer Nicholas Frye and John Does #1 – 10</u>, Civil Action No. 25-877.[1]  That action, like the present action, arose out of plaintiff's serious medical condition as a result of and following his automobile accident and arrest on March 13, 2023 and the misconduct of the defendants related thereto.  As in this action, plaintiff alleged federal and state constitutional violations as well as the violations of the Commonwealth's common law.

On April 16, 2025, the plaintiff, who was represented by counsel, filed a "Notice of Dismissal" of the #877 action.

---

[1]   The present action was filed on March 11, 2025.

-4-

The Notice stated: "TO THE CLERK: Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), kindly dismiss the above captioned matter with prejudice."[2]

Our Court of Appeals outlined the requirements for claim preclusion in Lubrizol Corp. v. Exxon Corp., 929 F.2d 960 (3d Cir. 1991). To prevail, a defendant must demonstrate: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Id. at 963. As stated in EEOC v. U.S. Steel Corp., the doctrine "is not a mere matter of technical practice or procedure but a rule of fundamental and substantial justice." 921 F.2d 489, 492 (1990) (quoting Hart Steel Co. v. R.R. Supply Co., 244 U.S. 294, 299 (1917)) (citation modified). Claim preclusion avoids the "expense and

---

[2] Even though the plaintiff had voluntarily dismissed his action with prejudice under Rule 41(a)(1)(A)(i), the judge then assigned to the case entered the following Order the next day:

> AND NOW, this 17th day of April, 2025, it having been reported the issues between the parties in the above action have been settled and pursuant to the provisions of Rule 41.1(b) of the Local Rules of Civil Procedure of this Court, it is hereby ORDERED the above action is DISMISSED with prejudice as to all claims and all causes of action.
>
> The Clerk of Court is DIRECTED to mark this case CLOSED.

vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."  Montana v. United States, 440 U.S. 147, 153-54 (1979).

The Court of Appeals in Lubrizol explained that claim preclusion bars not only claims for relief that have previously been brought but also those that could have been brought that arise from the same transaction or occurrence.  A mere difference in legal theory in a second lawsuit will not suffice.  Lubrizol, 929 F.2d at 963; see In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008); Restatement (Second) of Judgments § 24 (A.L.I. 1982).

Furthermore, the parties do not have to be exactly the same in both actions to preclude the second action.  The parties may be different as long as they have a close or significant relationship.  In Lubrizol, for example, Exxon Corporation was a defendant in the prior lawsuit, but it and Exxon Research and Engineering Co., its wholly owned subsidiary, were defendants in the later lawsuit.  929 F.2d at 961-62.  The Court of Appeals held that they had a close and significant relationship for purposes of claim preclusion.  Id. at 966.

The plaintiff, as noted, dismissed the #877 action pursuant to Rule 41(a)(1)(A)(i) which states:

>       . . . the plaintiff may dismiss an action
>       without a court order by filing:
>       (i) a notice of dismissal before the
>       opposing party serves either an answer or a
>       motion for summary judgment[.]

The notice of dismissal, consistent with the Rule, was filed before defendants had filed an answer or a motion for summary judgment.

Rule 41(a)(1)(B) provides: "<u>Effect</u>.  Unless the notice or stipulation states otherwise, the dismissal is without prejudice."  Here the notice of dismissal stated otherwise.  Plaintiff specifically declared that the dismissal was "with prejudice."  When a lawsuit is dismissed with prejudice, it is dismissed on the merits for purposes of claim preclusion.  <u>Papera v. Pa. Quarried Bluestone Co.</u>, 948 F.3d 607, 610-611 (3d Cir. 2020).

The next step in the claim preclusion analysis is to determine whether the parties in the #877 action are the same or in privity with the parties in the #1307 action.  In the #877 action the plaintiff was Brian Kelly and the identified defendants were the City of Philadelphia, the Philadelphia Police Department, and Police Officer Nicholas Frye.  In the #1307 action Brian Kelly again sued the City of Philadelphia and the Philadelphia Police Department[3] but added Police Commissioner

---

[3]    The Philadelphia Police Department is not a proper defendant in either case, since it is merely a department of the

Danielle Outlaw as a defendant. As she is being sued as a high public official of the City of Philadelphia in her official capacity, she is in privity with the City. Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988). The City and the Commissioner have a close and significant relationship. See Lubrizol, 929 F.2d at 966. Thus, the privity requirement for claim preclusion has been met.[4]

That leaves the question whether the claims in the #1307 action arise out of the same transaction or occurrence as alleged in the #877 action. The answer is easy. Both cases are grounded in the same events, that is plaintiff's vehicle accident and arrest in March 2023 and his medical condition that followed. The requisites for claim preclusion have been satisfied with respect to plaintiff's federal claims.

Plaintiff also asserts a number of claims under the Pennsylvania Constitution and Pennsylvania common law. While diversity jurisdiction does not exist as plaintiff and the city are domiciled in Pennsylvania, the court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

---

City of Philadelphia. Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997); see also Hernandez v. Borough of Palisades Park Police Dep't, 58 F. App'x 909, 912 (3d Cir. 2003).

[4]   Both actions also named John Does 1-10 as defendants.

Where there is no incompatible federal interest, the court must apply the state rules of claim preclusion to plaintiff's state law claims.  <u>Semtek Int'l, Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 508-509 (2001).  No incompatible federal interest appears to be implicated here.

In Pennsylvania, "[t]he doctrine of res judicata holds that a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action."  <u>Dempsey v. Cessna Aircraft Co.</u>, 653 A.2d 679, 680-81 (Pa. Super. Ct. 1995) (*en banc*) (citation modified).  Res judicata encompasses both issue preclusion and claim preclusion and bars the relitigation of issues that either were raised or could have been raised in the prior proceeding.  <u>Khalil v. Cole</u>, 2020 PA Super 242, 240 A.3d 996, 1001-02 (Pa. Super. Ct. 2020) (quoting <u>McArdle v. Tronetti</u>, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993)).  The actions do not have to be identical in terms of relief sought if based on the same transaction.  Nor do the parties have to be identical as long as they are in privity.  <u>Id.</u> at 1002.

The federal law and Pennsylvania law are virtually identical.  There is no need to repeat the full analysis here.  Plaintiff's state law claims in the #1307 action are barred under state law by res judicata, that is claim preclusion.

-9-

-10-

Accordingly, the motion of the defendants to dismiss this action on the ground of claim preclusion will be granted. The dismissal of claims against named defendants includes the dismissal of claims against defendants John Does 1-10 as this action cannot proceed with only unnamed defendants. See Hindes v. FDIC, 137 F.3d 148, 155-56 (3d Cir. 1998); Breslin v. City & Cnty. of Philadelphia, 92 F.R.D. 764, 765 (E.D. Pa. 1981). Plaintiff is not entitled to two bites at the apple.